UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DISTRICT

| | | |
|---|---|---|
| SILFORD DECKER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:17-CV-2502 CDP |
| | ) | |
| PHELPS COUNTY JAIL, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court upon the motion of plaintiff Silford Decker for leave to commence this action without prepayment of the filing fee.[1] Having reviewed plaintiff's financial information, the Court will grant plaintiff leave to proceed in forma pauperis. *See* 28 U.S.C. § 1915. In addition, the Court will allow plaintiff the opportunity to submit an amended complaint.

**Legal Standard on Initial Review**

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do," nor will a complaint suffice if it tenders bare assertions devoid of "further factual enhancement." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

When conducting initial review pursuant to § 1915(e)(2), the Court must accept as true the allegations in the complaint, and must give the complaint the benefit of a liberal construction.

---

[1]Plaintiff alleges that he is a civilly committed detainee. He will not be assessed a filing fee.

*Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, the tenet that a court must accept the allegations as true does not apply to legal conclusions, *Iqbal*, 556 U.S. at 678, and affording a *pro se* complaint the benefit of a liberal construction does not mean that procedural rules in ordinary civil litigation must be interpreted so as to excuse mistakes by those who proceed without counsel. *See McNeil v. U.S.*, 508 U.S. 106, 113 (1993). Even *pro se* complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980); *see also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint").

**The Complaint**

Plaintiff brings this action to redress violations of his civil rights, and names the Phelps County Jail as defendant in this action. He also names Sergeant Michael J. Lorts of the Phelps County Sheriff's Department as a defendant, as well as Officer Kevin Ziglar of the Rolla Police Department. Plaintiff brings his complaint against defendants in their official capacities only.

Plaintiff alleges that on September 3, 2015, he was "staggering" when he was walking down the street in Rolla, Missouri, and he was stopped by unnamed Rolla police officers at around 9:30 a.m. He claims that the officers took him by ambulance to the hospital without his permission, and he "resisted" when they strapped him down and took blood from him. Plaintiff alleges that at the hospital, he was taken by the unnamed officers to the chaplain's office and held down, where he "resisted" and asked if he was a Christian and how much he had to drink. Plaintiff asserts that he "thinks" this is where the alleged "assault on a police officer" took place which he later took an Alford plea on.

Plaintiff states that he was arrested later that day and taken to the Phelps County Jail where he was put through booking and was "assaulted for peeing on self on floor." Plaintiff claims that Sergeant Lorts tased him and withheld drinking water from him deliberately. Plaintiff claims that after he was tased by Sergeant Lorts, Sergeant Lorts did not allow him to wash the spray out of his eyes and strapped him to a chair as punishment for what he perceived as bad behavior.

Plaintiff claims that after he was bonded out of Phelps County Jail in October of 2015, his bond was revoked on April 4, 2016, and he was sent back to the Jail. Plaintiff asserts that he was assaulted at the Jail by an unnamed person at that time and he was denied medical care. Plaintiff has not, however, provided the Court with factual information as to who purportedly acted unlawfully towards him on these occurrences and how these factual circumstances denied him his Constitutional protections.

## Discussion

The complaint is legally frivolous because the Phelps County Jail is not an entity that is subject to a suit such as the one at bar. *See Ketchum v. City of West Memphis*, Ark., 974 F.2d 81, 82 (8th Cir. 1992) (departments or subdivisions of local government are "not juridical entities suable as such.").

In addition, naming a government official in his or her official capacity is the equivalent of naming the government entity that employs the official. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). To state a claim against a municipality or a government official in his or her official capacity, plaintiff must allege that a policy or custom of the government entity is responsible for the alleged constitutional violation. *Monell v. Dep't of Social Services*, 436 U.S. 658, 690-91 (1978). The instant complaint does not contain any allegations that a

policy or custom of a government entity, such as Rolla or Phelps County, was responsible for the alleged violations of plaintiff's constitutional rights. As a result, the complaint fails to state a claim upon which relief can be granted.

Further, plaintiff has failed to allege exactly what Officer Ziglar did to purportedly violate his Constitutional rights. "Liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights." *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990); *see also Martin v. Sargent*, 780 F.2d 1334, 1338 (8th Cir. 1985) (claim not cognizable under § 1983 where plaintiff fails to allege defendant was personally involved in or directly responsible for incidents that injured plaintiff); *Boyd v. Knox,* 47 F.3d 966, 968 (8th Cir. 1995) (respondeat superior theory inapplicable in § 1983 suits). In the instant action, plaintiff has not set forth any facts indicating that Officer Ziglas was directly involved in or personally responsible for the alleged violations of his constitutional rights. As a result, the complaint, as currently written, fails to state a claim upon which relief can be granted with respect to Officer Ziglar.

Because plaintiff is proceeding *pro se*, the Court will allow him to file an amended complaint on a court-provided form. Plaintiff is warned that the filing of an amended complaint replaces the original complaint, and so it must include all claims plaintiff wishes to bring. *E.g.*, *In re Wireless Telephone Federal Cost Recovery Fees Litigation*, 396 F.3d 922, 928 (8th Cir. 2005). Plaintiff must submit the amended complaint on a court-provided form, and the amended complaint must comply with Rules 8 and 10 of the Federal Rules of Civil Procedure.

In the "Caption" section of the amended complaint, plaintiff must state the first and last name, to the extent he knows it, of each defendant he wishes to sue. Plaintiff should also

indicate whether he intends to sue each defendant in his or her individual capacity, official capacity, or both.[2]

In the "Statement of Claim" section, plaintiff should begin by writing the first defendant's name. In separate, numbered paragraphs under that name, plaintiff should set forth the specific factual allegations supporting his claim or claims against that defendant, as well as the constitutional right or rights that defendant violated. Plaintiff should only include claims that arise out of the same transaction or occurrence, or simply put, claims that are related to each other. *See* Fed. R. Civ. P. 20(a)(2). Alternatively, plaintiff may choose a single defendant and set forth as many claims as he has against that defendant. *See* Fed. R. Civ. P. 18(a).

If plaintiff is suing more than one defendant, he should proceed in the same manner with each one, separately writing each individual defendant's name and, under that name, in numbered paragraphs, the allegations specific to that particular defendant and the right(s) that defendant violated. Plaintiff's failure to make specific and actionable allegations against any defendant will result in that defendant's dismissal from this case.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that, within twenty-one (21) days of the date of this Memorandum and Order, plaintiff shall submit an amended complaint in accordance with the instructions set forth herein.

**IT IS FURTHER ORDERED** that the Clerk of Court shall mail to plaintiff a blank Prisoner Civil Rights Complaint form. Plaintiff may request additional forms as needed.

---

[2] The failure to sue a defendant in his or her individual capacity may result in the dismissal of that defendant.

**If plaintiff fails to timely comply with this Memorandum and Order, the Court will dismiss this action without prejudice and without further notice.**

Dated this 17th day of October, 2017.

CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE